# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:10cv114

| | |
|---|---|
| STELLA ANDREWS, individually and on behalf of similarly situated persons, ) ) ) Plaintiff, ) ) Vs. ) ) AMERICA'S LIVING CENTERS, LLC; ) and KENNETH HODGES, ) ) Defendants. ) _____ ) | ORDER |

**THIS MATTER** is before the court on defendants' Motion to Dismiss, which has now been completely, but not thoroughly, briefed. The court has read all the briefs and is concerned with a number of issues that have been raised, as well as some that have not.

First, defendants argue that this action should be dismissed because plaintiff has failed to sufficiently allege that defendants are engaged in interstate commerce or are an enterprise engaged in commerce, and go on to cite a number of cases defining what businesses are engaged in commerce. Absent from such argument, however, is a disclosure that the FLSA defines an "enterprise engaged in commerce or in the production of goods for commerce," in part, as an enterprise that "is engaged in the

operation of ... an institution primarily engaged in the care of the sick, the aged, or the mentally ill or defective who reside on the premises of such institution ...." 29 U.S.C. § 203(s)(1)(B). In paragraph 11 of the Complaint, plaintiff alleges that defendants operate "assisted living homes throughout North Carolina, including homes in this District," and go on to allege that "ALC is an employer as defined by 28 U.S.C. § 203."[1] Compl., at ¶ 14. While plaintiff mentions Section 203(s)(1)(B) in her response, defendants make no mention of such provision in their Reply other than to quote from plaintiff's response. If, by statutory definition, the corporate defendant is an "enterprise engaged in commerce or in the production of goods for commerce," the court does not understand on what basis the corporate defendant can maintain that it is not covered.

Second, the court is concerned with plaintiff's response to the Motion to Dismiss, inasmuch as it appears to include a request to be allowed to amend her Complaint:

> . . . [p]laintiff is prepared as the Court may direct and allow to submit an Amended Complaint setting forth her allegations in more detail including reference to enterprise liability issues and Hodges' personal involvement and individual control.

Response (#18), at p. 6. This concerns the court for two reasons: first, submitting a

---

[1] Plaintiff has misidentified Title 29 as Title 28 in paragraphs 14 & 15 of the Complaint.

motion in a Response to another motion is specifically prohibited by Local Civil Rule 7.1(C)(2); and second, under Rule 15(a), Fed.R.Civ.P., plaintiff could have unilaterally amended her Complaint even after the Motion to Dismiss was filed, making leave of court unnecessary.[2] Plaintiff could have unilaterally amended her Complaint to eliminate nearly all of the concerns raised by defendants by citing Section 203(s)(1)(B) and making appropriate factual allegations as to exactly what services the corporate defendant provided and factual allegations supporting her contention that the individual defendant was also an employer under the act. Inasmuch as plaintiff alleges that she was a supervisory employee, there should be no reason why she could not have made such allegations in a verified form. As to the court's concern with the Complaint and Response, the undersigned can only conclude that counsel admitted *pro hac vice* was unaware of both rules. The court also has concerns with the mis-citation of the statute under which the action is brought as well as what appears to be a misunderstanding of applicable rules, problems which may

---

[2] Rule 15(a)(1) provides in relevant part, as follows:
**(a) Amendments Before Trial.**
    **(1) Amending as a Matter of Course.** A party may amend its pleading once as a matter of course within:
        ***
    (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

also come into play when and if certification is sought.[3]

Third, in their Reply, defendants contend that plaintiff has made a false representation to this court:

> Therefore, Plaintiffs' claims that "Defendant America's Living Centers, LLC has been found by the DOL to be a covered enterprise under the FLSA" is demonstrably false.

Reply, at p. 5.[4] This is a serious allegation, and the court will afford plaintiff an opportunity to address this accusation.

* * *

As the parties may be able to discern, the briefs submitted have raised more concerns than they have answered. While hearings are rare in federal court, the undersigned believes that this motion merits a hearing, at which the parties can correct what the court hopes are only misapprehensions. While a hearing will be calendared, the parties are welcome and encouraged to resolve all of the issues in an amicable manner, perhaps starting with a written agreement between the parties that an amended complaint be filed in accordance with Rule 15(a)(2). In such an amended complaint, the court would expect plaintiff to detail and perhaps verify the facts supporting her assertion that the individual defendant was her employer as well as the

---

[3] The court notes that experienced local counsel signed both the Complaint and the Response.

[4] Defendants too have run afoul of Local Civil Rule 7.1(C) by failing to consistently provide citations in its Reply. L.Cv.R. 7.1(C).

facts that would make the corporate defendant come within the statutory definition cited, 29 U.S.C. § 203(s)(1)(B).

**ORDER**

**IT IS, THEREFORE, ORDERED** that defendants' Motion to Dismiss is **CALENDARED** for hearing on October 20, 2010, at 2 p.m. in Courtroom #2 in Asheville.

**If any party knows in advance that they will be ordering a transcript of such hearing, they shall provide the official court reporter, Ms. Karen Miller, with notice at least one week in advance of such hearing by calling (828) 771-7217.**

Signed: September 30, 2010

_____
Dennis L. Howell
United States Magistrate Judge